# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

LAYMON A. FLY, JR.,       )
                       )
      Petitioner,        )
                       )
      v.              )        CAUSE NO. 3:08-C-391 WL
                       )
SHERIFF,            )
                       )
      Respondent.     )

## OPINION AND ORDER

Laymon A. Fly, a *pro se* prisoner, filed a *habeas corpus* petition (Petition for Habeas Corpus, DE # 1) to challenge his detention in the Laporte County Jail.

## BACKGROUND

Fly indicates he has been held in the jail since November 1, 2007, because he is unable to post a $100,000.00 bond. (DE # 1 at 1). It appears he is awaiting trial in state court on three Class B felony charges of dealing cocaine. (Exhibit, DE # 1-2 at 2). He implies the bond is excessive for this type of charge. (DE # 1-2 at 1).

## DISCUSSION

The sole basis of federal habeas jurisdiction under 28 U.S.C. § 2254 is that the petitioner be "'in custody' pursuant to the conviction or sentence being challenged." *Hadley v Holmes*, 341 F. 3d 661, 664 (7th Cir. 2003) citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Fly's claim that he is confined due to his inability to post bond, indicates that he is not being held under a judgment of conviction or sentence. Consequently, Fly's *habeas corpus* petition affirmatively shows the Court lacks jurisdiction over this matter.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

Therefore, the Court **DISMISSES** this habeas corpus petition for lack of jurisdiction.

**SO ORDERED**.

**ENTERED**: October 7, 2008.

 s/William C. Lee
William C. Lee. Judge
United States District Court